Rebecca KING, Plaintiff-Appellee,

v.

DREXEL BURNHAM LAMBERT, INC., et al., Defendants-Appellants.

No. 85–1717.

United States Court of Appeals, Fifth Circuit.

May 28, 1986.

Edward S. Koppman, Patricia A. Nolan, Debra Griffin, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for defendants-appellants.

Cheryl Milkes Jerome, Richard M. Hunt, Glast, Ungerman, Vickers, Miller & Allen, Dallas, Tex., for plaintiff-appellee.

Before GEE and HIGGINBOTHAM, Circuit Judges, and HARVEY *, District Judge.

GEE, Circuit Judge:

Rebecca King established a brokerage account with Drexel Burnham Lambert, Inc. ("DBL") in 1982. When she did so, she agreed that any controversy arising out of the DBL's handling of her account would be settled by arbitration. King later became dissatisfied with DBL's performance and filed suit in the district court alleging violations of both federal and state law in the handling of her account. In response DBL filed an answer and a motion to compel arbitration and to stay proceedings pending arbitration.

The district court granted in part and denied in part DBL's motion; the court stayed all state claims and ordered arbitration pursuant to the arbitration agreement, but declined to compel arbitration of King's claim under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). DBL appeals the court's refusal to compel arbitration of the 1934 Act claims.

The rule in this Circuit is clear: The doctrine of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1958), which holds that any agreement to arbitrate claims arising under the Securities Act of 1933 is invalid, is equally applicable to claims arising under the Exchange Act of 1934. *Sawyer v. Raymond, James & Associates, Inc.*, 642 F.2d 791, 792 (5th Cir.1981), citing *Sibley v. Tandy Corp.*, 543 F.2d 540, 543 (5th Cir.1976) cert denied 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). The Supreme Court, in its most recent examination of the relevant arbitration principles, expressly declined to pass on the merits of our Circuit's rule. *Dean Witter Reynolds Inc. v.*

*Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) at n. 5. Our decisions in *Sawyer* and *Sibley* retain their full precedential authority, authority we are obliged to follow. *Smoky Greenhaw Cotton Co. v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.*, 785 F.2d 1274, 1275 n. 1 (5th Cir.1986).

Given the rule of this Circuit, the district court's denial of the Motion to Compel Arbitration of the 1934 Act claims was correct. We therefore AFFIRM the ruling of the court below and DISMISS the interlocutory appeal.

---

* District Judge of the Eastern District of Michigan, sitting by designation.