**Pasqualina BUSTAMANTE,
Plaintiff-Appellee,**

**v.**

**ROTAN MOSLE, INC., and Michael J. Westpheling, Defendants-Appellants.**

No. 86–2300.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1986.

Rehearing and Rehearing En Banc
Denied Nov. 20, 1986.

Richard L. Josephson, Lee H. Rosenthal, Baker & Botts, Houston, Tex., for defendants-appellants.

John A. Irvine, Gregory A. Bolzle, David L. Burgert, Porter & Clements, Houston, Tex., for plaintiff-appellee.

Before GEE, POLITZ, and WILLIAMS, Circuit Judges.

## OPINION

GEE, Circuit Judge:

Rotan Mosle appeals the district court's refusal to compel arbitration of Mrs. Bustamante's claim alleging violations of the Securities Act of 1934. Rotan Mosle also appeals the district court's denial of its request to stay litigation of nonarbitrable federal securities claims, pending arbitration of Mrs. Bustamante's state law claims. We affirm.

When Mrs. Bustamante opened a brokerage account with Rotan, they presented her with a standard form agreement, one whereby the customer agrees to arbitrate controversies arising out of the account, which she dutifully signed. When Mrs. Bustamante subsequently filed suit against Rotan for alleged illegal activities in her account, Rotan demanded arbitration, which she respectfully declined. Subsequently, the district court ordered arbitration of Mrs. Bustamante's state law claims and denied arbitration of her 1934 Act claims. *Bustamante v. Rotan Mosle, Inc.*, 633 F.Supp. 303 (S.D.Tex.1986).

▮ We affirm, following precedent in this Circuit: just as agreements to arbitrate claims arising under the Securities Act of 1933 are invalid under *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), so are claims arising under the 1934 Act nonarbitrable. *Sawyer v. Raymond, James & Associates, Inc.*, 642 F.2d 791, 792 (5th Cir.1981), citing *Sibley v. Tandy Corp.*, 543 F.2d 540, 543 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). The Supreme Court expressly declined to pass on the arbitrability *vel non* of claims arising under the 1934 Act in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1240 n. 5, 84 L.Ed.2d 158 (1985). The rule has obtained in this Circuit that claims based upon the Securities Act of 1934 are nonarbitrable. *Smoky Greenhaw Cotton Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 785 F.2d 1274, 1275 n. 1, *reh. denied* (5th Cir.1986).[1]

Neither did the Supreme Court overrule our precedent in *Mitsubishi Motor Corporation v. Soler Chrysler-Plymouth, Inc.*, — U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d

---

1. The *Smoky Greenhaw* opinion reaffirmed this Circuit's post-*Byrd* adherence to *Sibley*. On rehearing, the panel addressed the arbitrability of RICO claims only, instructing the district court, on remand, to consider the applicability of *Mitsubishi* to domestic RICO claims.

444 (1985), a case concerning the arbitrability of an antitrust claim arising in an international commercial context.[2] Our decisions in *Sawyer* and *Sibley* retain their full precedential authority, authority that we are obliged to follow.

■ Rotan asserts that litigation of the federal claims should be stayed pending the outcome of arbitration on the state law claims. Rotan's argument presumes that arbitral findings should be given preclusive effect in subsequent litigation. The Supreme Court expressly stated in *Byrd* that "it is far from certain that arbitration proceedings will have any preclusive effect on the litigation of nonarbitrable federal claims." 105 S.Ct. at 1243.[3] This question is not directly before us, and we decline to address it prematurely.

Rotan's argument also assumes that the litigation of the nonarbitrable federal securities claims will conclude before arbitration of the state claims is completed; this would foreclose the issue whether arbitral findings should be given collateral estoppel effect in the litigation. Although arbitration proceedings have not always been as speedy as their advocates had hoped, it is highly unlikely that Rotan will not have a chance to argue to the district court that arbitral findings be given preclusive effect in subsequent litigation. We see no compelling reason to delay the litigation of the federal securities claims in today's case.

Accordingly, we AFFIRM the district court's refusal to compel arbitration of claims under the Securities Act of 1934 and AFFIRM the district court's denial of the stay of litigation.

**2.** We are aware that, *Mitsubishi* notwithstanding, several circuits have recently reaffirmed the nonarbitrability of 1934 Act claims, while the Eighth Circuit has departed from this view. *Wolfe v. E.F. Hutton*, 800 F.2d 1032 (11th Cir. 1986) (en banc) (following *Sibley* ); *Jacobson v. Merrill Lynch*, 797 F.2d 1197 (3rd Cir.1986); *Conover v. Dean Witter Reynolds*, 794 F.2d 520 (9th Cir.1986); *McMahon v. Shearson-American Express*, 788 F.2d 94 (2d Cir.) *cert. granted,* — U.S. —, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986).

*Contra Phillips v. Merrill Lynch*, 795 F.2d 1393 (8th Cir.1986).

**3.** The *Byrd* court further encouraged the federal courts to frame preclusion rules to take into account the "federal interests warranting protection." 105 S.Ct. at 1244. We note in passing that, following *Mitsubishi*, these federal interests must be grounded in the congressional intent that plaintiffs obtain *judicial* resolution of federal securities claims.