**SMOKY GREENHAW COTTON CO., INC., Plaintiff-Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., et al., Defendants-Appellees.**

**No. 86–1440**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1986.

Rehearing Denied Jan. 20, 1987.

David Greenhaw, Odessa, Tex., for plaintiff-appellant.

Kenneth E. Johns, Jr., Guy S. Lipe, Dallas, Tex., for Merrill Lynch & Scott.

Before REAVLEY, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

This case has now made its way to our Court for the third time. *See Smoky Greenhaw Cotton, Co. v. Merrill Lynch,* 720 F.2d 1446 (5th Cir.1983) (*Greenhaw I*); *Smoky Greenhaw Cotton, Co. v. Merrill Lynch,* 785 F.2d 1274 (5th Cir.1986) (*Greenhaw II*). In *Greenhaw II,* the panel reversed the district court's directed verdict in favor of Merrill Lynch on Greenhaw's claim under the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*

In remanding the case for a new trial of Greenhaw's RICO claim, the panel refused to decide the arbitrability of that claim, opting instead to leave the issue for the district court. On remand, the district court concluded that Greenhaw's RICO claim was arbitrable and entered an order compelling arbitration of the claim. Greenhaw appeals contending that civil RICO claims are not arbitrable.

■ Two panels of this Court have recently held that under facts similar to the facts in the instant case, civil RICO claims are arbitrable. *See Beck v. Merrill Lynch,* 805 F.2d 1032 (5th Cir.1986); *Mayaja v. Bodkin,* 803 F.2d 157, 162–66 (5th Cir.1986). On the basis of *Beck* and *Mayaja,* we affirm the order of the district court compelling arbitration of Greenhaw's RICO claim.

■ One additional matter raised by this appeal requires comment. In *Greenhaw II,* the panel refused to apply the Supreme Court's decision in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), retroactively to compel arbitration of Greenhaw's commodities claims and breach of fiduciary duty claims. Critical to the panel's determination was the fact that those claims had already been litigated and decided in a four-day jury trial. Summarizing its conclusion, the panel noted that

> the parties, with the benefit of relatively unlimited discovery and the Federal Rules of Evidence, had a fair fight in a fair forum. It would be senseless to now require them to arbitrate issues that they have already gone to great time and expense to litigate.

785 F.2d at 1279.

The panel left open the question of whether *Dean Witter's* rejection of this Circuit's intertwining doctrine would apply retroactively to Greenhaw's RICO claim. 785 F.2d at 1281. Greenhaw contends in the instant appeal that it does not and thus that the intertwining doctrine requires a jury trial of that claim in district court.

We disagree. The equitable considerations that persuaded the panel in *Greenhaw II* not to apply *Dean Witter* to those claims already fully litigated are not present here. Greenhaw's RICO claim has not been fully litigated. The parties have not already "had a fair fight in a fair forum," 785 F.2d at 1279, brought to a fair conclusion on the RICO claim. Refusing to apply *Dean Witter* to Greenhaw's RICO claim (unlike the commodities claims) will require a complete full-blown trial.

Furthermore, the policies underlying the intertwining doctrine, *i.e.,* avoidance of piecemeal litigation and protection of the federal courts' jurisdiction over federal securities law claims, are inapplicable here. Greenhaw's federal securities law claim was completely and finally resolved in *Greenhaw II.*

Given the absence of any equitable or policy consideration mitigating against retroactive application of *Dean Witter* to Greenhaw's RICO claim, we conclude that the district court properly required Greenhaw to arbitrate that claim.

AFFIRMED.