**W.G. NOBLE, Jr. Plaintiff-Appellant,**

v.

**DREXEL, BURNHAM, LAMBERT, INC., et al. Defendants-Appellees.**

No. 86–1698.

United States Court of Appeals, Fifth Circuit.

July 24, 1987.

True & McLain, Michael R. Johnson, James W. Reed, Dallas, Tex., for plaintiff-appellant.

Jenkens, Hutchison & Gilchrist, William D. Sims, Jr., David B. Dyer, Dallas, Tex., for Best and Drexel.

Berman, Fichtner & Mitchell, John M. Skrhak, Douglas E. Yeager, Paul A. Hoffman, Dallas, Tex., for White.

Vikram K.D. Chandhok, Richard A. Sayles, Dallas, Tex., for Kidder.

Before WRIGHT,* GEE, and JOLLY, Circuit Judges.

GEE, Circuit Judge:

This is one of a recent spate of cases in our Court about the interaction of arbitration agreements with federal securities law.[1] It was briefed and argued on the question of the propriety of the district court's order staying litigation of plaintiff Noble's federal securities claims pending arbitration of his state law claims arising out of the same allegedly wrongful conduct of the defendant stock brokers. *Cf. Bustamante v. Rotan Mosle, Inc.,* 802 F.2d 815 (5th Cir.1986) (district court did not abuse discretion by refusing to stay litigation pending arbitration). But Noble's federal

* Circuit Judge of the Ninth Circuit, sitting by designation.

1. *See, e.g., Bhatia v. Johnston,* 818 F.2d 418 (5th Cir.1987); *Girard v. Drexel Burnham Lambert, Inc.,* 805 F.2d 607 (5th Cir.1986); *Mayaja, Inc. v. Bodkin,* 803 F.2d 157 (5th Cir.1986), *cert. denied in part,* —— U.S. ——, 107 S.Ct. 3210, 96 L.Ed.2d ——, *vacated in part,* —— U.S. ——, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987); *Bustamante v.* *Rotan Mosle, Inc.,* 802 F.2d 815 (5th Cir.1986); *King v. Drexel Burnham Lambert, Inc.,* 796 F.2d 59 (5th Cir.1986), *vacated,* —— U.S. ——, 107 S.Ct. 3203, 96 L.Ed.2d 690 (1987); *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156 (5th Cir.1986); *Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 785 F.2d 1274 (5th Cir.1986).

claims are under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10(b)–5, 17 C.F.R. § 240.10b–5, and since we heard argument in this appeal the Supreme Court has held that claims under the 1934 Act are arbitrable. *Shearson/American Express, Inc. v. McMahon,* — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). We have requested and received supplemental briefs, and we now consider the applicability of *McMahon* to this case.

"The usual rule is that federal cases should be decided in accordance with the law existing at the time of decision." *St. Francis College v. Al-Khazraji,* — U.S. —, —, 107 S.Ct. 2022, 2025, 95 L.Ed.2d 582 (1987). Courts make case-by-case exceptions to this rule when a change in the law is unfairly disruptive of a litigant's course of conduct or reasonable expectations. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), provides the framework for our analysis of the "retroactive"[2] effect of judicial decisions.

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that we must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, we have weighed the inequity imposed by retroactive application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our

cases for avoiding the injustice or hardship by a holding of nonretroactivity.

*Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citations and internal quotations omitted).

There is strong irony built into "retroactivity" analysis in the context of judicial lawmaking. Unavoidably, the losing party in a case which establishes new law sustains a full blast of "retroactivity," otherwise the change in law is merely precatory and without full precedential force. The second loser, however, gets the potential benefits of the analysis suggested by *Chevron Oil.* The McMahons lost first and without hope of escape. We must determine whether Mr. Noble is to suffer the same fate.

We turn to the *Chevron* factors. First, *McMahon* "establish[es] a new principle of law ... by overruling clear past precedent" of this Circuit. *See Bustamante,* 802 F.2d at 816 (citing Fifth Circuit cases holding 1934 claims nonarbitrable). On the other hand, *McMahon* does not come out of the blue; in one aspect, it builds logically on an unswerving line of Supreme Court cases expanding the reach of arbitration agreements and affirming the importance of the Arbitration Act in the face of judicial hostility and the usual objections. *See generally McMahon,* — U.S. at —, 107 S.Ct. at 2337–45. Second, the strong federal policy in favor of arbitration—and the absence of any federal policy favoring securities litigation[3]—suggests that the rule should be applied retroactively. Third, as to the equities in this particular case, Mr. Noble has the usual claim of unfairness bestowed on any litigant when the rules are changed against him in the middle of the game. But Mr. Noble cannot argue that in the technical sense he "reasonably relied" on the continuing vitality of our Court's 1934 Act rule when signing broad arbitration

**2.** The *Chevron Oil* problem is usually conceptualized as a problem of the "retroactive" application of judge-made law. This label is somewhat misleading. The new law is applied prospectively—that is, to decisions handed down after the new law is announced—but it has retroactive effects, because for a time parties come before the courts with controversies that unfold-

ed while the old law was the standard for their behavior.

**3.** *McMahon* undercuts every aspect of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); a formal overruling of *Wilko* appears inevitable—or, perhaps, superfluous.

agreements in contracts with parties who have continually argued in federal courts for a broader scope for arbitration; we simply could not accept any claim that he would not have entered into these non-negotiable pre-printed agreements had he realized that 1934 Act claims would turn out to be arbitrable. Moreover, *McMahon* alters only the forum for resolving this dispute and not Mr. Noble's substantive rights. The mere fact that plaintiffs like Mr. Noble seem to prefer judicial fora does not rise to the level of a substantive right.

Furthermore, this case has not yet gone to trial, so retroactive application should not be unduly burdensome to the litigants. In *Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 785 F.2d 1274 (5th Cir.1986) (*Smoky Greenhaw II*), for example, our Court held that under *Chevron Oil* the repudiation of the "intertwining" doctrine in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), should not be applied to a case that had already been tried to a jury. But the Court noted:

> Without so deciding, we might be more inclined to direct the parties to the arbitration room had this case been awaiting trial when the *Dean Witter Reynolds* opinion was handed down. However, equity demands that, where the trial has been completed, the proposed judgment rendered, and only the relatively ministerial task of approving the form of the judgment remains, Greenhaw should not be denied his victory and forced once again to battle in a different forum.

*Smoky Greenhaw,* 785 F.2d at 1279. We took this distinction seriously in *Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 805 F.2d 1221 (5th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987) (*Smoky Greenhaw III*), a later appeal in the same case, and held that RICO claims that had not yet been tried in the district court were subject to arbitration even after years of litigation over other issues: "Given the absence of any equitable or policy consideration mitigating against retroactive application of *Dean Witter* to *Greenhaw*'s RICO claim, we conclude that the district court properly required Greenhaw to arbitrate that claim." *Id.* at 1222. In this case, as in *Smoky Greenhaw III,* there has been no trial on the disputed issue, and thus there is no additional reason to shy away from the application of current federal law.

Our review of the *Chevron* factors leads us to the conclusion that retroactive application of the rule established in *McMahon* is appropriate in this case. The first *Chevron* factor points away from retroactive use of *McMahon,* but without much vigor; the second points to retroactive use; the third points nowhere in particular. Thus, *Chevron* analysis gives us no reason to override the usual rule that federal cases should be decided in accordance with the law as it exists at the time of decision. The case is REMANDED for further proceedings consistent with this opinion.