824 F.2d 439
 Fed. Sec. L. Rep. P 93,584
MAYAJA, INC., S.A. Orart, Elias Sheinberg, and Marcia
Sheinberg, Plaintiffs-Appellees,
v.
Joseph F. BODKIN, Nicholas S. Bustamante, and Shearson
Lehman Brothers, Inc., Defendants-Appellants.
 No. 85-2762.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 19, 1987.
 
 William D. Sims, Jr., Will S. Montgomery, Jenkens & Gilchrist, Dallas, Tex., for defendants-appellants.
 Charles B. Gorham, Charles R. Shaddox, San Antonio, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before GEE, RANDALL and DAVIS, Circuit Judges.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 PER CURIAM:
 
 
 1
 This case is now before us on remand from the United States Supreme Court. After our decision reversing in part and affirming in part the district court's refusal to compel arbitration of plaintiffs' claims, Mayaja, Inc. v. Bodkin, 803 F.2d 157 (5th Cir.1986), defendant Shearson Lehman Brothers, Inc., petitioned the Supreme Court for a writ of certiorari. On June 15, 1987, the Court entered the following order on Shearson Lehman Brothers' petition:
 
 
 2
 The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of Shearson/American Express, Inc. v. McMahon, 482 U.S. ----, 107 S.Ct. 2332, 95 L.Ed.2d (1987).
 
 
 3
 Shearson Lehman Bros., Inc. v. Mayaja, Inc., --- U.S. ----, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987). In Shearson/American Express, Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 95 L.Ed.2d 185 (1987), the Supreme Court held, implicitly overruling Fifth Circuit precedent controlling Part III(A) of our opinion, see 803 F.2d at 162, that the Federal Arbitration Act requires the enforcement of agreements to arbitrate claims brought under the Securities Exchange Act of 1934. McMahon, 107 S.Ct. at 2343. The Court further held, as we had in Part III(B) of our opinion, see 803 F.2d at 162-66, that the Arbitration Act also requires the enforcement of agreements to arbitrate claims brought under the civil, treble-damages provision of the Racketeer Influenced and Corrupt Organizations Act. McMahon, 107 S.Ct. at 2343-46. The Court's holding in McMahon is to be applied retroactively, even though, in the case of the 1934 Act claim, it overturns clearly established precedent in this circuit. See Noble v. Drexel, Burham, Lambert, Inc., 823 F.2d 849 (5th Cir.1987) (conducting retroactivity analysis of McMahon according to factors set out in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).
 
 
 4
 Consistent with the mandate of the Supreme Court, we now REVERSE and REMAND the district court's order with instruction to compel arbitration of all of plaintiffs' claims in accordance with the Federal Arbitration Act and relevant agency regulations.