**Rebecca KING, Plaintiff-Appellee,**

v.

**DREXEL BURNHAM LAMBERT, INC., et al., Defendants-Appellants.**

**No. 85–1717.**

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1987.

Akin, Gump, Strauss, Hauer & Feld, Edward S. Koppman, Patricia A. Nolan, Dallas, Tex., for defendants-appellants.

Richard M. Hunt, Dallas, Tex., for plaintiff-appellee.

Before GEE and HIGGINBOTHAM, Circuit Judges, and HARVEY,* District Judge.

## ON REMAND FROM THE SUPREME COURT OF UNITED STATES

### PER CURIAM:

This case is now before us on remand from the United States Supreme Court, —— U.S. ——, 107 S.Ct. 3203, 96 L.Ed.2d 690. After our decision dismissing an interlocutory appeal affirming the district court's refusal to compel arbitration of plaintiffs' claims, *King v. Drexel Burnham Lambert, Inc.*, 796 F.2d 59 (5th Cir.1986), defendant Drexel Burnham Lambert, Inc., petitioned the Supreme Court for writ of certiorari. On June 15, 1987, the Court entered the following order on Drexel Burnham Lambert's petition:

> ON WRIT OF CERTIORARI to the United States Court of Appeals for the Fifth Circuit.
>
> THIS CAUSE having been submitted on the petition for a writ of certiorari and response thereto,
>
> ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the above court in this cause is vacated with costs, and that this cause is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Shearson/American Express, Inc. v. McMahon*, 482 U.S. —— [107 S.Ct. 2332, 96 L.Ed.2d 185] (1987).

In *Shearson/American Express, Inc. v. McMahon*, —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Supreme Court held, implicitly overruling Fifth Circuit precedent controlling our earlier decision, see 796 F.2d, at 60, that the Federal Arbitration Act requires the enforcement of agreements to arbitrate claims brought under the Securities Exchange Act of 1934. *McMahon*, 107 S.Ct. at 2343. The Court's holding in *McMahon* is to be applied retroactively. *See Noble v. Drexel Burnham Lambert Inc.*, 823 F.2d 849 (5th Cir.1987) (conducting retroactivity analysis of *McMahon* according to factors set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).

Consistent with the mandate of the Supreme Court, we now REVERSE the district court's order and REMAND with instructions to compel arbitration of all of plaintiffs' claims in accordance with the Federal Arbitration Act and relevant agency regulations.