833 F.2d 545
 Fed. Sec. L. Rep. P 93,547
Salvador VILLA GARCIA, Plaintiff-Appellee,
v.
MERRILL LYNCH, PIERCE, FENNER AND SMITH INCORPORATED, Tony
Trujillo, Jacques Derouen, and Richard Brandt,
Defendants-Appellants.
 No. 87-2063.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 7, 1987.
 
 David Bond, Vinson & Elkins, Scott J. Atlas, Houston, Tex., for defendants-appellants.
 Steven B. Harris, Harris, Westmoreland & Herring, Bradley Westmoreland, Berry D. Bowen, Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GOLDBERG, JOHNSON, and WILLIAMS, Circuit Judges:JOHNSON, Circuit Judge:
 
 
 1
 This appeal principally presents the question whether the Securities and Exchange Commission Rule in 17 C.F.R. Sec. 240.15c2-2 pertaining to the arbitration of federal securities law claims was violated so as to justify the district court's denial of a motion to compel arbitration and stay litigation pending arbitration. We conclude that the recent rescission of the Rule should be applied retroactively and remand the case.
 
 I. Facts and Procedural History
 
 2
 Plaintiff Salvador Villa Garcia brought this action in federal district court against defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., and three individuals alleged to be its employees. In his complaint, Villa alleged that he had opened a so-called Cash Management Account with Merrill Lynch on July 12, 1985. Villa further alleged that defendants had thereafter made numerous unauthorized stock purchases resulting in serious depletion in the value of Villa's account. Villa asserted claims under both state law and section 10(b) of the Securities Exchange Act of 1934 (1934 Act).[1] Defendants then moved the district court to compel Villa to arbitrate the dispute in accordance with an arbitration provision contained in the July 1985 Agreement establishing the account and to stay Villa's court action pending arbitration.
 
 
 3
 Villa opposed the motion with two arguments. First, Villa argued that he had a private right to raise in defense a violation of the Rule in 17 C.F.R. Sec. 240.15c2-2, that Merrill Lynch had violated the Rule, and that treating the entire arbitration provision as voidable would be an appropriate remedy. Second, Villa argued that the arbitration provision was unenforceable as the product of overreaching. The district court denied defendants' motion, providing no reasons insofar as the record shows. Defendants appeal.[2]
 
 II. Discussion
 
 4
 When deciding whether to compel arbitration and stay pending arbitration under the federal Arbitration Act,[3] the district court usually begins by asking whether "the parties agree[d] to arbitrate the disputes in question."[4] The present arbitration provision provided that "any controversy arising out of [Merrill Lynch's] business or this Agreement shall be submitted to arbitration" "[e]xcept to the extent that controversies involving claims arising under the Federal securities laws may be litigated." The district court may have concluded that the exception limited the provision's coverage and that Villa's 1934 Act claims fitted within the exception. The district court may for that reason have denied defendants' motion as to Villa's 1934 Act claims. Because the district court provided no reasons, however, we cannot know. We might decide the issue ourselves, but the parties have not briefed it. Since the case must ultimately be remanded, we prefer to assume as do the parties that the district court concluded that the language of the arbitration provision covered the claims Villa asserts.
 
 
 5
 Villa asserts in defense that, although the parties agreed by their language to arbitrate the disputes in question, Merrill Lynch committed a fraudulent act under 17 C.F.R. Sec. 240.15c2-2 by entering into the arbitration provision of the July 1985 Agreement. Since defendants do not challenge his right to raise the defense,[5] we may proceed directly to Villa's assertion.A.
 
 
 6
 It is helpful briefly to recite some history. In 1953, the Supreme Court held "invalid" predispute "agreements for arbitration" "of issues arising under"[6] the Securities Act of 1933 (1933 Act).[7] In the years following, numerous lower federal courts,[8] including this Court,[9] extended this holding to predispute agreements to arbitrate issues arising under the 1934 Act. With explicit reliance upon the Supreme Court's 1953 holding and the subsequent lower court extension,[10] the Securities and Exchange Commission (SEC) thereafter announced its adoption of the Rule in 17 C.F.R. Sec. 240.15c2-2. This year, in its decision in Shearson/American Express, Inc. v. McMahon,[11] the Supreme Court disagreed with the lower court extension and held predispute "agreements to arbitrate [1934] Act claims 'enforce[able] ... in accord with the explicit provisions of the Arbitration Act.' "[12]
 
 
 7
 Since this appeal was taken, the SEC has announced rescission of the Rule in 17 C.F.R. Sec. 240.15c2-2 effective upon publication in the Federal Register.[13] The SEC explained that the Rule was "no longer appropriate in light of case law developments," relying here upon the McMahon decision on the arbitrability of 1934 Act claims and its implications for the arbitrability of 1933 Act claims.[14] In Noble v. Drexel, Burnham, Lambert, Inc.,[15] this Court determined that the McMahon decision itself should be applied retroactively under "the usual rule that federal cases should be decided in accordance with the law as it exists at the time of decision."[16] This usual rule applies with equal force to changes in administrative law.[17] Even though the intervening change here "does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect."[18] Finally, for reasons expressed in the Noble decision,[19] there is no manifest injustice resulting here to warrant an exception to this usual rule of retroactivity.
 
 
 8
 In sum, since the rescission of the Rule should be applied retroactively, we have no occasion to consider whether Merrill Lynch did or did not violate the Rule as Villa contends.
 
 B.
 
 9
 Villa only tentatively renews his second argument made before the district court in opposition to defendants' motion, namely that the arbitration provision in the July 1985 Agreement was unenforceable as the product of overreaching. Because the argument may have been the basis for the district court denial of defendants' motion, we address it.
 
 
 10
 Villa alleges that he signed the July 1985 Agreement believing it to be only a signature exemplar. He also alleges that his inability to read the English language prevented him from reading the July 1985 Agreement. Defendants allege contrary facts, but even accepting Villa's alleged facts as true, they do not establish grounds for denying defendants' motion. These alleged facts and the overreaching claim they assertedly support should "be decided by an arbitrator, not the district court, since they go to the formation of the entire [July 1985 Agreement] rather than" to the formation of the arbitration provision.[20]
 
 III. Conclusion
 
 11
 Neither argument advanced by Villa before the district court in opposition to defendants' motion justified a denial of that motion. Nevertheless, since the district court may have had other reasons for denying defendants' motion, we remand for further proceedings not inconsistent with this opinion. The judgment of the district court is therefore vacated, and the case remanded.
 
 
 12
 VACATED and REMANDED.
 
 
 
 [1]
 Ch. 404, 48 Stat. 891 (as amended)
 
 
 [2]
 See Mayaja, Inc. v. Bodkin, 803 F.2d 157, 160 n. 3 (5th Cir.1986), vacated on other grounds sub nom. Shearson Lehman Bros., Inc. v. Mayaja, Inc., --- U.S. ----, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987)
 
 
 [3]
 Ch. 392, 61 Stat. 669 (1947) (as amended)
 
 
 [4]
 Mayaja, Inc., 803 F.2d at 160
 
 
 [5]
 See Burks v. Lasker, 441 U.S. 471, 475-76, 99 S.Ct. 1831, 1835-36, 60 L.Ed.2d 404 (1979); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 109 n. 21, 99 S.Ct. 1601, 1612 n. 21 (1979); Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 398, 99 S.Ct. 1171, 1175-76, 59 L.Ed.2d 401 (1979); Regents of Univ. of Cal. v. Bakke, 438 U.S. 265, 283-84, 98 S.Ct. 2733, 2744-45, 57 L.Ed.2d 750 (1978); Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 71-72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978); Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278-79, 97 S.Ct. 568, 571-72, 50 L.Ed.2d 471 (1977); Lau v. Nichols, 414 U.S. 563, 571 n. 2, 94 S.Ct. 786, 790 n. 2, 39 L.Ed.2d 1 (1974); Chipser v. Kohlmeyer & Co., 600 F.2d 1061, 1067 (5th Cir.1979)
 
 
 [6]
 Wilko v. Swan, 346 U.S. 427, 438, 74 S.Ct. 182, 188-89, 98 L.Ed. 168 (1953)
 
 
 [7]
 Ch. 38, 48 Stat. 74 (as amended)
 
 
 [8]
 See Shearson/American Express, Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 2337 n. 1, 2349 n. 6, 96 L.Ed.2d 185 (Blackmun, J., concurring in part and dissenting in part) (1987) (collecting cases)
 
 
 [9]
 Girard v. Drexel Burnham Lambert, Inc., 805 F.2d 607, 610 (5th Cir.1986); Mayaja, Inc., 803 F.2d at 162; Bustamante v. Rotan Mosle, Inc., 802 F.2d 815, 816 (5th Cir.1986); King v. Drexel Burnham Lambert, Inc., 796 F.2d 59, 60 (5th Cir.1986), vacated, --- U.S. ----, 107 S.Ct. 3203, 96 L.Ed.2d 690 (1987); Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 785 F.2d 1274, 1275 n. 1 (5th Cir.1986); Smoky Greenhaw Cotton Co. v. Merrill Lynch Pierce Fenner & Smith, Inc., 720 F.2d 1446, 1448 (5th Cir.1983); Sawyer v. Raymond, James & Assocs., Inc., 642 F.2d 791, 792 (5th Cir. Unit B 1981); Sibley v. Tandy Corp., 543 F.2d 540, 543 (5th Cir.1976), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977)
 
 
 [10]
 48 Fed.Reg. 53,404 (1983)
 
 
 [11]
 --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)
 
 
 [12]
 McMahon, 107 S.Ct. at 2343 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 520, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974) (alteration and ellipsis in McMahon original))
 
 
 [13]
 52 Fed.Reg. 39,216-17 (1987)
 
 
 [14]
 52 Fed.Reg. 39,217
 
 
 [15]
 823 F.2d 849 (5th Cir.1987)
 
 
 [16]
 Noble, 823 F.2d at 851. The Noble Court explained the "somewhat misleading" term retroactive in this way:
 The new law is applied prospectively--that is, to decisions handed down after the new law is announced--but it has retroactive effects, because for a time parties come before the courts with controversies that unfolded while the old law was the standard for their behavior.
 Id. at 850 n. 2.
 
 
 [17]
 See Bradley v. School Bd., 416 U.S. 696, 715, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1974); Service Foundry Co. v. Donovan, 721 F.2d 492, 496 (5th Cir.1983); Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 914 (5th Cir.1983); Florida Power & Light Co. v. Costle, 650 F.2d 579, 589-90 (5th Cir. Unit B 1981); Baker v. Bell, 630 F.2d 1046, 1056-57 (5th Cir.1980); Springdale Convalescent Center v. Mathews, 545 F.2d 943, 956-57 (5th Cir.1977)
 
 
 [18]
 Bradley, 416 U.S. at 715, 94 S.Ct. at 2018; see also Payne v. Panama Canal Co., 607 F.2d 155, 163 (5th Cir.1979)
 
 
 [19]
 Noble, 823 F.2d at 850-51; see also Valero Refining, Inc. v. M/T Lauberhorn, 813 F.2d 60, 64-65 & n. 7 (5th Cir.1987)
 
 
 [20]
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 637 F.2d 391, 398 & n. 11 (5th Cir. Unit B 1981); see also Bhatia v. Johnston, 818 F.2d 418, 421-22 (5th Cir.1987); Benoay v. Prudential-Bache Sec., Inc., 805 F.2d 1437, 1441 (11th Cir.1986); Coleman v. Prudential Bache Sec., Inc., 802 F.2d 1350, 1352 (11th Cir.1986); Miller v. Drexel Burnham Lambert, Inc., 791 F.2d 850, 854 (11th Cir.1986)