Opelia RODRIGUEZ De QUIJAS, et al.,
Plaintiffs–Appellees,

v.

SHEARSON/LEHMAN BROTHERS, INC., f/k/a Shearson/American Express, Inc., and Jon Grady Deaton, Defendants–Appellants.

Mary Grace NORMAN,
Plaintiff–Appellee,

v.

SHEARSON/LEHMAN BROTHERS, INC., f/k/a Shearson/American Express, Inc., etc., et al., Defendants–Appellants.

Adelina TRAPERO, Plaintiff–Appellee,

v.

SHEARSON/LEHMAN BROTHERS, INC., f/k/a Shearson/American Express, Inc., Its Successors and Assigns, and Jon Grady Deaton, Jointly and Severally, Defendants–Appellants.

Gene GRIFFIN and Gertrud Griffin,
Plaintiffs–Appellees,

v.

SHEARSON/LEHMAN BROTHERS, INC., f/k/a Shearson/American Express, Inc., etc., et al., Defendants–Appellants.

Nos. 87–2888 to 87–2891.

United States Court of Appeals,
Fifth Circuit.

May 31, 1988.
Rehearing Denied June 22, 1988.

Theodore A. Krebsbach, Harry D. Frisch, Office of the General Counsel, New York City, Jenkins & Gilchrist, Will S. Montgomery, William D. Sims, Jr., Dallas, Tex., for defendants-appellants.

Denis A. Downey, Thomas Sullivan, Downey & Sullivan, Brownsville, Tex., for plaintiffs-appellees.

Before THORNBERRY, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In these consolidated cases we confront the issue of whether claims brought under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) (1982), are subject to predis-

pute arbitration agreements. This issue arises in the wake of *Shearson/American Express, Inc. v. McMahon*, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), which enforced a predispute agreement to arbitrate § 10(b) claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982). We find § 12(2) claims to be arbitrable as well, notwithstanding the earlier precedent of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

### I.

Appellees are individual investors in Brownsville, Texas, who suffered financial losses as the alleged result of unauthorized, fraudulent transactions in securities. Approximately $190,000 was invested by the Rodriguez De Quijas family; $38,000 by Mary Grace Norman; $100,000 by Adelina Trapero; and $80,000 by Gene and Gertrud Griffin. They sued appellants Jon Grady Deaton, the agent in charge of the accounts, and Shearson/American Express, Inc. ("Shearson"), pleading violations of various state and federal laws.[1] Appellant Shearson moved to compel arbitration pursuant to an arbitration clause contained in

the customer agreements signed by each appellee,[2] and in accordance with the Federal Arbitration Act.[3] The district court ordered arbitration of all claims except for the federal securities claims.

The district court correctly followed the Supreme Court's decision in *Wilko v. Swan, supra,* which clearly set out the invalidity of agreements to arbitrate § 12(2) claims under the Securities Act. Until recently, *Wilko* was interpreted in this Circuit as barring arbitration of Securities Exchange Act claims as well. *E.g. Mayaja, Inc. v. Bodkin,* 803 F.2d 157 (5th Cir.1986), *cert. denied in pari* — U.S. —, 107 S.Ct. 3210, 96 L.Ed.2d 697 (1987) *vacated in part,* — U.S. —, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987); *Bustamante v. Rotan Mosle, Inc.,* 802 F.2d 815 (5th Cir.1986); *King v. Drexel Burnham Lambert, Inc.,* 796 F.2d 59 (5th Cir.1986) vacated, — U.S. —, 107 S.Ct. 3203, 96 L.Ed.2d 690 (1987). But the Supreme Court with *Shearson/American Express, Inc. v. McMahon, supra,* established the arbitrability of Securities Exchange Act claims. Appellant Shearson asserts that McMahon effectively overrules *Wilko* and allows arbitration of Securities Act claims.

---

**1.** Their common claims include violations of §§ 12(2) and 17(a) of the 1933 Securities Act, and §§ 10(b), 15(c)(1), 15(c)(2) of the Securities Exchange Act of 1934; civil RICO violations consisting of mail and wire fraud under 18 U.S.C. §§ 1341, 1343, and 1961 (1982); securities fraud in violation of TEX.REV.CIV.STAT. ANN. § 581–33(A)(2) (Vernon 1964); violations of the Texas Deceptive Trade Practices Act, TEX.BUS. and COMM. CODE ANN. § 17.46 *et seq.* (Vernon 1986); and common law breach of contract, fraud, and misrepresentation. The district court properly dismissed appellees' Securities Act § 17(a) claims under Fed.R.Civ.P. 12(b)(6), because this Court has held that there is no such private cause of action. *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir. 1982).

**2.** Paragraph 13 of the Customer's Agreement provides:

Unless unenforceable due to federal or state law, any controversy arising out of or relating to my accounts, the transactions with you for me, or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc., or the Boards of Directors of the New York Stock Exchange, Inc. and/or the American

Stock Exchange, Inc. as I may elect. If I do not make such election by registered mail addressed to you at your main office within five (5) days after demand by you that I make such election then you may make such election. Judgment upon any award ordered by the arbitrators may be entered in any court having jurisdiction thereof.

**3.** The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (1982) ("FAA"), mandates enforcement of agreements to arbitrate. *E.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The FAA states in pertinent part:

§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration on a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part, thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Appellees do not contest the arbitrability of their Exchange Act claims following *McMahon*. They argue only that *Wilko* remains good law and prohibits arbitration of claims brought under § 12(2) of the Securities Act. Appellees argue further that even if § 12(2) claims are arbitrable, the parties lacked the requisite intent to agree to arbitration. We address these claims.

## II.

The Supreme Court in *McMahon*, enforced a predispute agreement to arbitrate claims brought under § 10(b) of the 1934 Exchange Act. *Supra*, —— U.S. at ——, 107 S.Ct. at 2343. In doing so, it refused under the 1934 Act to follow the reasoning of *Wilko v. Swan*, which invalidated predispute agreements to arbitrate 1933 Act claims. *Wilko, supra*, at 438, 74 S.Ct. at 188–89. The *McMahon* majority opinion does not expressly overrule *Wilko;* the precise issue of the arbitrability of § 12(2) claims was not before the court.[4] Nevertheless, the reasoning in *McMahon* completely undermined *Wilko*, as this Court noted in *Noble v. Drexel Burnham Lambert, Inc.*, 823 F.2d 849, 850 n. 3. (5th Cir.1987) ("*McMahon* undercuts every aspect of *Wilko v. Swan* ...; a formal overruling of *Wilko*, appears inevitable—or, perhaps, superfluous.").

The basic premise of *Wilko* is that a predispute agreement to arbitrate § 12(2) claims is invalid by virtue of § 14 of the

Securities Act, 15 U.S.C. § 77n. (1982). Section 14 voids any stipulation "to waive compliance with any provision" of the Securities Act. The *Wilko* court held the jurisdictional provision of the Securities Act to be the type of non-waivable provision contemplated in § 14. *Wilko, supra*, 346 U.S. at 434, 74 S.Ct. at 186. The Supreme Court states in *McMahon*, however, that § 29(a) of the Exchange Act, 15 U.S.C. § 78cc(a) (1982), which is a non-waiver provision virtually identical to § 14 of the Securities Act, does not bar predispute arbitration agreements. *McMahon, supra*, —— U.S. at ——, 107 S.Ct. at 2338–39.[5]

The Supreme Court reconciles *McMahon* with *Wilko* by characterizing the 1953 opinion as outdated in its bias against arbitration. The *McMahon* majority opinion reinterprets *Wilko*, as follows: "*Wilko* must be read as barring waiver of a judicial forum only where arbitration is inadequate to protect the substantive rights at issue." *McMahon, supra*, at ——, 107 S.Ct. at 2339. As *McMahon* makes clear, the Supreme Court no longer considers arbitration inadequate to protect substantive rights. *Id.,* at ——, 107 S.Ct. at 2340–41. For this proposition, the court relied upon *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 104

---

**4.** The opinion states: "While stare decisis concerns may counsel against upsetting *Wilko's* contrary conclusion under the Security Act, we refuse to extend *Wilko's* reasoning to the Exchange Act...." *McMahon, supra* —— U.S. at ——, 107 S.Ct. at 2341.

**5.** The *McMahon* court reasons that § 29(a) voids only those agreements which waive "compliance" with provisions of the Exchange Act, and that because the jurisdictional provision of the Exchange Act does not impose substantive obligations with which to comply, nothing prevents its waiver. *Supra*, —— U.S. at ——, 107 S.Ct. at 2338. Section 27, the jurisdictional provision of the Exchange Act, 15 U.S.C. § 78aa (1982), is similar to the jurisdictional provision of the Securities Act. Section 27 of the Exchange Act states in part:

The district courts of the United States ... shall have exclusive jurisdiction of violations of this title or the rules and regulations there-

under, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder.

Compare § 22(a), the jurisdictional provision of the Securities Act, 15 U.S.C. § 77v(a) (1982), which reads as follows:

The district courts of the United States ... shall have jurisdiction ... concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); and *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Advances in arbitration noted by the Supreme Court, particularly the broad oversight authority of the Securities Exchange Commission, *McMahon, supra,* —— U.S. at ——, 107 S.Ct. at 2341, apply equally to the protection of substantive rights under both the Securities Act and the Exchange Act.

■ Appellees argue, however, that congressional intent is the crucial distinction between the two Acts. They claim that Congress, by preserving *Wilko* in the 1975 revisions of the Exchange Act, manifested its intent that at least § 12(2) claims should remain non-arbitrable.[6] We find it implausible that Congress intended to prohibit arbitration of Securities Act claims but intended to allow courts to determine the arbitrability of Exchange Act claims.[7] Similarly fine distinctions between the two Acts have been presented throughout the course of the debate over securities arbitration. *See, e.g., McMahon, supra,* at ——, 107 S.Ct. at 2347 n.n. 1–2 (Blackmun J., dissenting). We do not, however, find these asserted distinctions controlling on the issue of arbitration. The Supreme Court opinion in *McMahon,* which binds us here, turns solely on the adequacy of arbitration to resolve securities disputes. It does not distinguish between the Exchange Act and the Securities Act. Furthermore, it has been the position of this Court that, for the purposes of arbitration, similarities between the Securities Act and the Exchange Act outweigh any differences between them. *Sibley v. Tandy Corp.*, 543 F.2d 540, 543 n. 3 (1976). We thus follow the reasoning of the Supreme Court in *McMahon* and our own decision in *Noble* which lead directly to the obsolescence of *Wilko* and the arbitrability of Securities Act § 12(2) claims.

### III.

■ Appellees claim that even if § 12(2) claims are arbitrable, the intent to agree to arbitration was lacking in their cases. At the time the agreements were signed, claim appellees, Securities Act claims were controlled by *Wilko* and clearly were not subject to arbitration. We cannot conclude that appellees lacked the intent to agree to arbitration because, at the time the customer agreements were signed, courts refused to honor clauses compelling arbitration of securities claims. At the time the contracts were signed, the same circumstances existed barring arbitration of Exchange Act claims. *E.g. Sibley, supra,* at 543. But appellees cannot now contend that they lacked the intent to arbitrate their Exchange Act claims in view of the Court's holding in *McMahon.* Neither the Supreme Court nor this Circuit considered the earlier lack of authorization to be an obstacle in *McMahon, supra* or *Noble, supra.* Both cases ordered arbitration of Exchange Act claims under analogous circumstances.

Authority no longer exists to deny arbitration of the § 12(2) claims, as the parties agreed in their contracts. Arbitration must be directed both as to the Securities Act claims and Exchange Act claims. That portion of the judgment of the district court which denied directing arbitration of the Securities Act § 12(2) and the Securities and Exchange Act § 10(b) claims is

**REVERSED.**

---

**6.** The Conference Report accompanying the amendments to § 28(b) of the Exchange Act, 15 U.S.C. § 78bb(b), reads as follows:

It was the clear understanding of the conferees that this amendment did not change existing law, as articulated in *Wilko v. Swan,* 346 U.S. 427 [74 S.Ct. 182, 98 L.Ed. 168] (1953), concerning the effect of arbitration proceedings provisions in agreements entered into by persons dealing with members and participants of self-regulatory organizations.
H.R.Conf.Rep. No. 229, 94th Cong., 1st Sess., 111 (1975), U.S.Code Cong. & Admin.News 1975, pp. 179, 342.

**7.** The Supreme Court states in *McMahon, supra,* —— U.S. at ——, 107 S.Ct. at 2343: "Hence, the *Wilko* issue was left to the courts: it was unaffected by the amendment to § 28(b)."