David ESPOSITO, Plaintiff,

v.

HYER, BIKSON & HINSEN, INC. and
David G. Ninci, Defendants.

No. 88–2105.

United States District Court,
D. Kansas.

July 26, 1988.

On Motion to Compel Arbitration of
Count I Aug. 24, 1988.

Richard L. Routman, Richard L. Routman, P.C., Kansas City, Mo., Thomas F. Sullivan, Mission Woods, Kan., for plaintiff.

Patrick D. McAnany, Anton C. Andersen, McAnany, Van Cleave & Phillips, Lenexa, Kan., for defendants.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant Hyer, Bikson & Hinsen, Inc.'s motion for an order compelling arbitration and staying proceedings in this court pending arbitration of plaintiff's non-federal securities law claims. Despite the fact that plaintiff was granted an extension of time for responding, he did not respond to defendant's motion.

This action arises from alleged unauthorized transactions in plaintiff's brokerage account. Plaintiff's complaint includes six counts: Count I claims violations of sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t [hereinafter "1934 Act"]; Count II claims violations of K.S.A. 17–1253; Count III alleges a breach of contract; Count IV alleges a breach of fiduciary duty; Count V alleges that defendant Hyer, Bikson negligently supervised its employee, defendant Ninci; and Count VI requests an award of punitive damages.

Upon opening his brokerage account with defendant, plaintiff signed a Customer Agreement which contains the following provision:

*Agreement to Arbitrate Controversies*
13. Except to the extent that controversies involving claims arising under the Federal securities laws may be litigated, it is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Directors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as the undersigned may elect.... Arbitration must be commenced by service upon the other of a written demand for arbitration or a written notice of intention to arbitrate, therein electing the arbitration tribunal. In the event the undersigned does not make such designation within five (5) days of such demand or notice, then the undersigned autho-

rizes you to do so on behalf of the undersigned.

Plaintiff also entered into a Standard Option Agreement, which contains a similar arbitration provision.

In support of its motion to compel arbitration and stay proceedings, defendant argues that the Federal Arbitration Act, 9 U.S.C. §§ 2 and 4, requires the court to order the parties to arbitrate in accordance with the terms of their agreement. Further, defendant contends that the court should use its authority under section 3 of the Act to stay further proceedings in this court until plaintiff's claims have been arbitrated. It is well established that arbitration is favored by the federal courts and arbitration provisions are to be construed broadly to effectuate the strong federal policy evidenced by the Federal Arbitration Act. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). Any doubt regarding whether an issue is arbitrable must be resolved in favor of arbitration. *Id.* at 25, 103 S.Ct. at 942.

■ Plaintiff offers no arguments against the arbitrability of his claims. Accordingly, plaintiff is directed to submit to arbitration the claims found in Counts II through VI of his complaint, in accordance with the provisions of the Customer and Standard Option Agreements.

Although the defendant concedes that plaintiff's 1934 Act claims may be litigated, the court believes the recent Supreme Court decision in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), gives the defendant a basis for arguing that plaintiff's 1934 Act claims are also arbitrable. Because the *McMahon* Court held that 1934 Act claims are arbitrable, and because the arbitration provisions in the parties' agreements do not exclude 1934 Act claims from arbitration, the court would consider a motion to compel arbitration of plaintiff's federal securities law claims.

With regard to defendant's motion to stay these proceedings pending arbitration, at this juncture, the court must stay litigation of plaintiff's claims in Counts II through VI, but the court has discretion in determining whether to stay the 1934 claims. 9 U.S.C. § 3; *Rhoades v. Powell*, 644 F.Supp. 645, 658 (E.D.Cal.1986). Because we consider the issue regarding the arbitrability of plaintiff's 1934 Act claims to be unresolved, the court will defer a decision regarding the stay of proceedings on Count I until this issue is resolved.

IT IS THEREFORE ORDERED that defendant's motion to compel arbitration and to stay proceedings is granted as to Counts II, III, IV, V and VI of plaintiff's complaint.

IT IS FURTHER ORDERED that a ruling on defendant's motion to stay proceedings on Count I is deferred.

IT IS FURTHER ORDERED that defendant is given ten (10) days from the date of this order to move for an order compelling arbitration of Count I of plaintiff's complaint. Plaintiff should respond to such motion within the time limit outlined in the local rules.

### ON MOTION TO COMPEL ARBITRATION OF COUNT I

This matter is before the court on defendant Hyer, Bikson & Hinsen, Inc.'s motion to compel arbitration and stay proceedings of Count I of plaintiff's complaint, which alleges violations of sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t [hereinafter "1934 Act"]. In the court's prior Memorandum and Order dated July 26, 1988, we granted defendant's motion to compel arbitration and to stay proceedings as to Counts II through VI of plaintiff's complaint.

■ Plaintiff contends that the parties did not agree to arbitrate claims under the federal securities laws. Therefore, despite the Supreme Court's recent decision in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), which held that 1934 Act claims are arbitrable, plaintiff contends that the court cannot enforce an arbitration agreement which does not exist. In sup-

port of his argument, plaintiff relies on the following language in the parties' agreement to arbitrate:

> Except to the extent that controversies involving claims arising under the Federal securities laws may be litigated, it is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration. . . .

Plaintiff reads the "except" clause as excluding all federal securities laws claims from arbitration. The court does not read the clause to exclude *all* such claims. First, the word "except" is immediately followed by "to the extent that," thus indicating a limitation to the exclusion. Second, the exception is limited to those controversies arising under the federal securities laws that "may" be litigated. When the parties entered into their agreements, the *Wilko v. Swan* case and its progeny,[1] which held that predispute arbitration agreements could not be enforced to compel arbitration of 1933 or 1934 Act claims, were still controlling precedent. Taken in context, then, the "except" clause simply states the law as it existed before *McMahon*. The long-held rule of *Wilko* and its progeny, however, was eviscerated by the *McMahon* decision. *See Ketchum v. Almahurst Bloodstock IV*, 685 F.Supp. 786 (D.Kan.1988), as modified by *Reed v. Bear, Stearns & Co., Inc.*, 698 F.Supp. 835 (1988) (scheduled for publication). Consequently, the court finds that the "except" clause in the parties' arbitration provision does not exclude from arbitration *all* federal securities laws claims, but only those federal securities laws which would be excluded from arbitration and thus litigable under current precedent or under applicable securities regulations or rules.[2] Since plaintiff's 1934 Act claims are arbitrable under the authority of *McMahon*, they fall out-side the exception in the parties' agreements.

Even if the court were to decide that the parties' agreement to arbitrate was ambiguous, the conclusion would nevertheless be the same: plaintiff's claims under Count I are arbitrable. As the Supreme Court stated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

The Supreme Court has thus given its stamp of approval to the principle that arbitration provisions are to be construed broadly to effectuate the strong federal policy evidenced by the Federal Arbitration Act. *See id.* Construing the parties' agreements broadly, the court finds that the parties agreed to arbitrate plaintiff's 1934 Act claims, and also finds that the proceedings on these claims must be stayed, pending the outcome of arbitration. 9 U.S.C. § 3.

IT IS THEREFORE ORDERED that defendant's motion to compel arbitration and to stay proceedings is granted as to Count I of plaintiff's complaint.

---

**1.** *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Sterne v. Dean Witter Reynolds, Inc.*, 808 F.2d 480 (6th Cir.1987); *Wolfe v. E.F. Hutton & Co.*, 800 F.2d 1032 (11th Cir. 1986); *Jacobson v. Merrill Lynch, Pierce, Fenner & Smith*, 797 F.2d 1197 (3d Cir.1986); *King v. Drexel Burnham Lambert*, 796 F.2d 59 (5th Cir. 1986); *Conover v. Dean Witter Reynolds, Inc.*, 794 F.2d 520 (9th Cir.1986); *McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94 (2d Cir.1986); *Merrill Lynch, Pierce, Fenner & Smith v. Moore*, 590 F.2d 823 (10th Cir.1978).

**2.** An example of such a rule is former SEC Rule 15c2–2, 17 C.F.R. § 240.15c2–2 (1987).