802 F.2d 1337
 55 USLW 2264, Fed. Sec. L. Rep. P 92,974,
RICO Bus.Disp.Guide 6421
 Jane B. TASHEA, Plaintiff-Appellee,
v.
BACHE, HALSEY, STUART, SHIELDS, INC., and Gerald Obermayr,
Defendants- Appellants
Jane B. TASHEA, Plaintiff-Appellee-Cross-Appellant,
v.
BACHE, HALSEY, STUART, SHIELDS, INC., and Gerald Obermayr,
Defendants- Appellants-Cross-Appellees.
 Nos. 85-5768, 85-5967.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 21, 1986.
 
 Curtis Carlson, Fowler, White, Burnett, Hurley, Banick & Strickroot, Kathy M. Klock, Miami, Fla., for defendants-appellants.
 Allan M. Lerner, Lerner & Harris, P.A., Robert Wayne Pearce, Fort Lauderdale, Fla., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and ATKINS*, Senior District Judge.
 CORRECTED OPINION
 PER CURIAM:
 
 
 1
 In this case, we hold that a civil damage action under the so-called RICO statute, which alleges underlying violations of the federal securities laws, is not subject to compelled arbitration under a pre-claim agreement.
 
 
 2
 The plaintiff, Jane Tashea, brought this lawsuit alleging that Bache Halsey, Stuart, Shields, Inc. (Bache), a securities broker-dealer, and Gerald Obermayr, a securities salesman employed by Bache, caused her to lose approximately $225,000 through a series of misrepresentations made to her concerning her holdings, and through unauthorized, unsuitable, and excessive trading ("churning") in connection with her account. Tashea asserted claims under sections 12(1) & (2) of the Securities Act of 1933, 15 U.S.C.A. Secs. 771(1) & (2), section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C.A. Sec. 78j(b), the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. Secs. 1961-1968, and state fraud law. The defendant filed a motion to compel arbitration. The district court denied the motion as to the claims under the federal securities acts but held that arbitration was required for the RICO and state law claims.
 
 
 3
 The district court correctly denied the motion to compel arbitration of the claims under the 1933 and 1934 federal securities acts. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Wolfe v. E.F. Hutton & Co., Inc., 800 F.2d 1032 (11th Cir.1986) (en banc ). The compelled arbitration of the state claims has not been appealed.
 
 
 4
 Whether the RICO claims, based on violations of the federal securities acts, are subject to compelled arbitration under a pre-claim agreement is an issue that has not been decided in this Circuit. The argument is that the federal RICO claims should not be subject to required arbitration because they require proof of violations of federal securities laws, as to which arbitration cannot be compelled.
 
 
 5
 Both the Second Circuit and the Third Circuit have recently decided that such RICO claims based on 1933 and 1934 federal securities acts violations are not subject to compelled arbitration, McMahon v. Shearson/American Exp., Inc., 788 F.2d 94, 98-99 (2d Cir.1986); Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, 797 F.2d 1197 (3rd Cir.1986). The Fifth Circuit at first held that such RICO claims were not arbitrable, Smoky Greenhaw Cotton v. Merrill Lynch, Pierce, 785 F.2d 1274, 1280-81 (5th Cir.1986), but then remanded the issue to the district court for full briefing, Smoky Greenhaw Cotton, 785 F.2d at 1282, on the ground that Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., --- U.S. ----, 105 S.Ct. 3346, 87 L.Ed.2d 444, cast doubt on its initial decision. This issue is being litigated in a number of circuits as shown in Jacobson, 797 F.2d at 1199 n. 2.
 
 
 6
 A RICO claim must be based on underlying, independently unlawful acts. 18 U.S.C.A. Secs. 1961-62; Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1361 (11th Cir.1985). The underlying, independent unlawful acts of Tashea's RICO claims are federal securities claims based on sections of the 1933 Act, and 10(b) of the 1934 Act. It is now clear in this Circuit that these federal claims, if made independently, are not subject to arbitration under a pre-claim arbitration agreement. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Wolfe, 800 F.2d at 1038. Consistency in the orderly adjudication of these claims would seem to require the RICO claim to be decided in the same forum as the separate federal securities claims. This is the approach taken and the result reached by the Third Circuit in Jacobson, 797 F.2d at 1202, and the Second Circuit in McMahon, 788 F.2d at 98-99, with which we are in accord. Following the reasoning of our sister circuits, we hold that RICO claims based on alleged violations of section 12 of the Securities Act of 1933 and section 10(b) of the Securities and Exchange Act of 1934, are not subject to compelled arbitration under a pre-claim agreement.
 
 
 7
 We affirm the district court's denial of the motion to compel arbitration of the 10(b) claims and reverse the district court's judgment that required the RICO claim to be arbitrated.
 
 
 8
 AFFIRMED in part, REVERSED in part.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation