Deana C. SCHULTZ, Plaintiff,

v.

ROBINSON–HUMPHREY/AMERICAN
EXPRESS, INC., Defendant.

Civ. A. No. 85–115–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 14, 1987.

Andrew J. Ekonomou, Atlanta, Ga., S. Phillip Brown, Macon, Ga., for plaintiff.

Cubbedge Snow, Jr., Macon, Ga., Peter J. Anderson, Atlanta, Ga., Harvey D. Myerson, New York City, for defendant.

## ORDER

OWENS, Chief Judge.

Once again this court must decide: (1) to what extent plaintiff's claims are subject to arbitration; and (2) if there exists any non-arbitrable claims, whether resolution of those claims by this court may be stayed pending resolution of the arbitration proceedings. The factual and procedural history of the case relevant to defendant's motion is clear, and, therefore, the court will simply proceed to the merits of the motion.

### Shearson/American Express, Inc. v. McMahon

In the recent case of *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Supreme Court made a landmark decision regarding the enforceability of predispute arbitration agreements between brokerage firms and their customers. The specific holding in that case was that claims brought under the Securities Exchange Act of 1934, and claims brought under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961, *et seq.,* are subject to predispute arbitration agreements. The *McMahon* decision clearly requires, therefore, that plaintiffs Section 10(b), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1986), claims be arbitrated in accordance with the terms of plaintiff's agreement with defendant.

■ Looking at plaintiff's other claims, this court has already held that plaintiff's state law claims are also subject to arbitration. *See* this court's order dated March 4, 1986; and *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 1240, 84 L.Ed.2d 158 (1985) (reversing lower court's refusal to compel arbitration of state law claims). With regard to her Section 11 claims under the Securities Act of 1933, 15 U.S.C. § 77k, these claims have been dismissed by this court's order dated March 4, 1986. The remaining claims asserted by plaintiff against defendant arise

under Section 12(2) of the Securities Act, 15 U.S.C. § 77*l*(2). Plaintiff asserts that these claims are not subject to arbitration due to the decision in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and that, accordingly, they should proceed to trial without delay, regardless ·of the required arbitration proceedings on her other claims. The defendant, on the other hand, contends that the *McMahon* decision has implicitly overruled the *Wilko* decision, and, therefore, plaintiff's section 12(2) claims are now also subject to arbitration. Upon review of the *McMahon* decision, however, it is this court's considered opinion that the Supreme Court did not overrule *Wilko*, and has implicitly reaffirmed the nonarbitrable nature of Section 12 claims. The court reaches this conclusion for the following reasons.

One, the Supreme Court specifically chose not to overrule the *Wilko* decision. While announcing that *Wilko* stands only for the proposition that a waiver of a judicial forum is barred when arbitration is inadequate to protect the substantive rights at issue, it did not state that its conclusion in *Wilko* would now be different given its finding in *McMahon* that arbitration procedures. are now reliable. Although the reluctance to make such a statement may have been based upon the Supreme Court's prohibition against giving advisory opinions, the court finds other factors to support its present decision.

Second, the legislative history cited in *McMahon* appears to strongly suggest that, unlike for The Exchange Act, a ratification by Congress of the *Wilko* decision as it relates to the non-arbitrable nature of Section 12 claims has been made. *See McMahon,·* — U.S. at — 107 S.Ct. at 2342 ("the committee may simply have wished to make clear that the amendment to § 28(b) was not otherwise intended to affect *Wilko*'s construction of the Securities Act"). Thus, Congress' intent to make Section 12 claims nonarbitrable is clearer than it was for claims arising under The Exchange Act.

Finally, the distinctions between a Section 12(2) action and a 10(b) action may militate against an extension of the *McMahon* decision to a section 12(2) claim. This so-called "colorable argument," while not without criticism, has yet to be rejected by the Supreme Court. *See McMahon,* — U.S. at ———— n. 1–2, 107 S.Ct. at 2347–48 n. 1–2 (Blackmun, J., concurring in part and dissenting in part). Absent such a rejection, the court believes it is compelled to follow the mandates of *Wilko*. While this decision too may eventually have to be resolved by the Supreme Court, until that day *stare decisis* requires this court to find that plaintiff's Section 12(2) claims are not arbitrable. Reaching this conclusion, however, does not resolve the present controversy.

## *Stay Pending Arbitration*

■  Defendant further seeks to have the resolution of plaintiff's Section 12(2) claims stayed until the pending arbitration proceedings have been concluded. Plaintiff contends that such a stay is not authorized by reason of the decision in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), and the Eleventh Circuit's decision in the case *sub judice*. After reviewing the relevant case law on this subject, the court does not believe that *Byrd* stands for the proposition that a district court is absolutely prohibited from staying its proceedings pending resolution of the arbitration matters. Rather, *Byrd* merely requires that the district court make a case-by-case decision as to whether a stay would be in the interest of both efficiency and judicial economy. *See Sevinor v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 807 F.2d 16 (1st Cir. 1986). In this case defendants have made such a showing.

■  It is clear to this court that plaintiff's Section 12(2) claims make up only a small portion of the dispute with defendant. Her primary claims against defendant, namely, her 10(b) and 10b–5 claims, must now go before the arbitration board.

If it were these claims that the court had jurisdiction over to decide at the present time, the court would not hesitate to try these claims. Due to the insubstantial nature of her Section 12(2) claims in relation to the arbitrable claims, however, this court finds that 9 U.S.C. § 2–3 requires a stay of these proceedings until the arbitration has been held. Furthermore, the court does not believe that the Eleventh Circuit's decision *sub judice* changes that result since the law involved in this case has substantially changed since that decision.

Accordingly, this lawsuit is hereby STAYED until the conclusion of the arbitration proceedings.