**TERRA RESOURCES I, a New York Limited Partnership, Plaintiff,**

v.

**James D. BURGIN, B–J Incorporated; Jim's Pipe & Supply, Inc., Blenda S. Burgin; James Michael Cassidy; Edward Poston; Poston & Poston Drilling Company; J. Donald Silberman and Monitor Resources, Inc., Defendants.**

**No. 85 Civ. 2810 (RWS).**

United States District Court, S.D. New York.

Dec. 2, 1987.

Rosner & Goodman (Andrew J. Goodman, of counsel), New York City, for plaintiff.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, for defendant James Michael Cassidy.

Fried, Spector, Scher, Schwartz & Feldman, New York City, for defendants James Burgin, B–J Inc., J. Donald Silberman, and Monitor Resources, Inc.

Davis Hoxie Faithfull & Hapgood, New York City, Edward Poston, Poston & Poston Drilling Co., Livingston, Tenn., for defendants Blenda Burgin and Jim's Pipe and Supply, Inc.

## OPINION

SWEET, District Judge.

Plaintiff Terra Resources I ("Terra") has moved for an order vacating the stay of these proceedings issued by this court pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, pending arbitration of the claims between plaintiff and defendants B–J Inc. ("B–J"), James Michael Cassidy ("Cassidy"), and James D. Burgin ("Burgin"). For the reasons set forth below, plaintiff's motion is denied.

### Background

The complaint in this action, now in its fourth amended form, alleges violations of the Securities Exchange Act of 1934, Section 10(b) and Rule 10b–5 by all defendants, and alleges state law violations against all defendants except B–J.

As a result of the Supreme Court decision in *Shearson/American Express v. McMahon,* — U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), Terra agreed to refer its 10b–5 claims against B–J to arbitration. On July 20, 1987, Cassidy moved to compel arbitration of all claims against him, and he, as well as Blenda and Jim's Pipe, moved to stay these proceedings pending arbitration. Alternatively, the latter two defendants moved to stay all discovery pending arbitration. On July 27, 1987, B–J, Burgin, Moniter, and Silberman moved by order to show cause to stay this action against the nonarbitrating parties pending arbitration, or alternatively, to have this action transferred to the Middle District of Tennessee.

Terra did not oppose Cassidy's motion to compel arbitration, but opposed all motions for a stay of these proceedings against the nonarbitrating parties, for a stay of discovery, and for transfer.

Oral argument was heard on July 31, 1987, at which time this court granted Cassidy's and Burgin's motions to compel arbitration, denied defendant's motion for transfer with leave to renew, granted a stay of these proceedings as to the nonarbitrating parties for six months, and denied defendants' request for a stay of discovery pending arbitration.

Shortly after these rulings, *Chang v. Lin,* 824 F.2d 219 (2d Cir.1987), was decided. Plaintiffs now claim that in light of this decision, the stay of these proceedings should be vacated.

### Conclusions

*Shearson/American Express* stands for the proposition that claims under section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") are arbitrable. Indeed, writing for the Court, Justice O'Conner went to great lengths to stress the desirability of arbitration in securities actions. Thus, while the Court chose not to overrule its decision in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), which held that claim arising under Securities Act of 1933 ("33 Act") are not subject to compulsory arbitration, it did limit its earlier holding to cases under the 33 Act.

In *Chang,* the Second Circuit, following *Wilko,* held that the plaintiff's 33 Act claims were not arbitrable, even though his Exchange Act and state law claims were. It further held that litigation of the 33 Act claims would not be stayed pending arbitration, reasoning that the plaintiff might be prejudiced if forced to delay resolution of some claims pending the outcome of arbitration on others. The court noted that:

> [e]vidence supporting the federal claims may become stale or unavailable prior to the conclusion of the arbitration. Moreover, delay generally works to the advantage of defendants who may well be inclined to prolong the arbitration unnecessarily in the hope that plaintiffs ultimately will be forced to abandon their nonarbitrable claims.

*Chang, supra,* at 222.

The case before the court is distinguishable. Significantly, there are no nonarbitrable claims in this action, only nonarbitrating parties. This factor alleviates the concerns of the Circuit court. All evidence necessary for a resolution of this dispute should be marshalled for presentation at arbitration and is unlikely to become stale or unavailable. Additionally, all claims against the parties to the arbitration will be before the arbitrator; there will be nothing motivating those parties to use delay tac-

tics in the hope of getting Terra to abandon its nonarbitrable claims since, as against those parties, there are none.

Section 3 of the Federal Arbitration Act compels a stay of proceedings when an issue before the court is properly arbitrable. Here, the issues are properly arbitrable—only certain parties are not subject to arbitration. To vacate the stay herein would require the parties to engage in a duplicative and costly exercise. Moreover, simultaneous proceedings could lead to inconsistent results.

Therefore, plaintiff's motion to vacate the stay of these proceedings is denied. The parties are directed to comply with all discovery orders previously issued by this court.

IT IS SO ORDERED.