841 F.2d 1059
 Fed. Sec. L. Rep. P 93,695, RICO Bus.Disp.Guide 6902
 Edward J. ADRIAN, Ruth C. Adrian, Plaintiffs-Appellants,
v.
SMITH BARNEY, HARRIS, UPHAM & CO., INC., a Delaware
corporation, Morton L. Annis, Jr., Albert Roberts,
III, Defendants-Appellees.
Richard D. DRISCOLL, Plaintiff-Appellant,
v.
SMITH BARNEY, HARRIS UPHAM & CO., Richard Shalla,
Defendants-Appellees.
 Nos. 85-3816, 86-3009 and 85-5921.
 United States Court of Appeals,
Eleventh Circuit.
 April 4, 1988.
 
 Kirk M. Gibbons, John B. Gibbons, Tampa, Fla., for Edward J. Adrian.
 O'Bannon M. Cook, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Bennett Falk, Robert Goldman, Tallahassee, Fla., for Smith Barney & Roberts.
 Kathy M. Klock, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for Morton L. Annis, Jr.
 Russell L. Forkey, Layne Verebay, Ft. Lauderdale, Fla., for Richard D. Driscoll.
 Robert B. Goldman, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Bennett Falk, Keith Olin, Miami, Fla., for Smith Barney & Roberts.
 Appeals from the United States District Court for the Middle District of Florida.
 Appeal from the United States District Court for the Southern District of Florida.
 Before VANCE and ANDERSON, Circuit Judges, and ARONOVITZ*, District Judge.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 VANCE, Circuit Judge:
 
 
 1
 These cases involving the arbitrability of claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and the federal Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. Secs. 1961-68, return to us on remand from the Supreme Court of the United States. In our earlier decision we reversed both district court orders compelling arbitration of the plaintiffs' section 10(b) and federal RICO claims. Driscoll v. Smith Barney, Harris, Upham & Co., 815 F.2d 655 (11th Cir.1987). In doing so, we relied on this court's decisions in Wolfe v. E.F. Hutton & Co., 800 F.2d 1032 (11th Cir.1986) (in banc), vacated, --- U.S. ----, 107 S.Ct. 3205, 96 L.Ed.2d 692 (1987), and Tashea v. Bache, Halsey, Stuart, Shields, Inc., 802 F.2d 1337 (11th Cir.1986), which held that preclaim agreements to arbitrate such claims are not enforceable.
 
 
 2
 Subsequent to our decision in Driscoll the Supreme Court decided Shearson/American Express, Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). In that case the Court overruled our decisions in Wolfe and Tashea and held that agreements to arbitrate claims under the Securities Exchange Act of 1934 and federal RICO were enforceable in accord with the provisions of the Federal Arbitration Act, 9 U.S.C. Secs. 1-14. After the Supreme Court's decision in McMahon, defendant Smith Barney petitioned the Court for a writ of certiorari. The Supreme Court granted Smith Barney's petition, vacated this court's judgments and remanded the cases for further consideration in light of McMahon. Smith Barney, Harris Upham & Co., Inc. v. Adrian, --- U.S. ----, 108 S.Ct. 253, 98 L.Ed.2d 211 (1987). We now hold that Smith Barney may enforce the arbitration agreement with respect to the plaintiffs' section 10(b) and federal RICO claims. We therefore affirm the district court orders compelling arbitration.
 
 
 3
 The facts of these cases are reported in our decision in Driscoll, 815 F.2d 655. Suffice it to say that Richard Driscoll and the Adrians brought these actions under section 10(b) and Florida statutory and common law alleging misconduct in connection with securities accounts maintained by them with defendant Smith Barney. The Adrians also alleged claims under the federal RICO statutes. The Adrians argue that our earlier decision reversing the district court orders to arbitrate is correct despite the Supreme Court's decision in McMahon. They contend that the arbitration clauses in their contracts with Smith Barney are invalid and that there is thus no enforceable agreement to arbitrate.
 
 
 4
 In support of their argument the Adrians rely on a recently rescinded regulation of the Securities and Exchange Commission, Rule 15c2-2.[1] Rule 15c2-2(a) provided:
 
 
 5
 It shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the Federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer.
 
 
 6
 17 C.F.R. Sec. 240.15c2-2(a) (1987). The plaintiffs contend that because the arbitration clause violated Rule 15c2-2, it constituted a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b). As a violation of section 10(b) they argue, the clause was void under section 29(b) of the Act, 15 U.S.C. Sec. 78cc(b), and thus cannot be used to force them to arbitrate.
 
 
 7
 The plaintiffs are correct when they assert that a court cannot compel arbitration absent "an agreement in writing for such arbitration." 9 U.S.C. Sec. 3. There are two flaws, however, with their argument that the arbitration clause in their contracts with Smith Barney is void and hence unenforceable.
 
 
 8
 First, we rejected this argument when the plaintiffs raised it in their earlier appearance before this court. Although we did not discuss the argument in our opinion, we necessarily rejected it when we upheld the district court orders compelling arbitration with regard to the state law claims. Driscoll, 815 F.2d at 658-59. The Adrians appealed that part of our decision, raising the same argument in their cross-petition for certiorari which the Supreme Court denied. Adrian v. Smith Barney, Harris Upham & Co., Inc., --- U.S. ----, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987). Having already decided this issue against the plaintiffs, we are not inclined to revisit it.
 
 
 9
 Even more damaging to the plaintiffs' argument, however, is the fact that the SEC has rescinded Rule 15c2-2. See 52 Fed.Reg. 39,216 (1987). The SEC adopted the rule after a number of the courts of appeals had held predispute agreements to arbitrate issues arising under the Securities Exchange Act of 1934 to be invalid. The rule was rescinded effective October 21, 1987, however, in light of the Supreme Court's decision in McMahon. See id.
 
 
 10
 In essence the plaintiffs ask us to void the arbitration clauses in their contracts with Smith Barney on the basis of a regulation that no longer exists. We choose instead to follow the Fifth Circuit in holding that the rescission of Rule 15c2-2 should be applied retroactively. See Villa Garcia v. Merrill Lynch, Pierce, Fenner and Smith Inc., 833 F.2d 545, 547-48 (5th Cir.1987). Thus whatever effect Rule 15c2-2 may have had before its rescission, it can no longer be used as a defense to arbitration.
 
 
 11
 In short, we conclude that in light of the Supreme Court's decision in McMahon the district court orders compelling arbitration were correct. The district court's order compelling arbitration of Richard Driscoll's federal claims in No. 85-5921 is AFFIRMED. The district court's order compelling arbitration of the Adrians' federal claims in No. 85-3816 is AFFIRMED.
 
 
 
 *
 Honorable Sidney M. Aronovitz, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 Rule 15c2-2 was rescinded effective October 21, 1987. See 52 Fed.Reg. 39,216 (1987)