**Hisham ARAIM, Plaintiff,**

v.

**PAINEWEBBER, INC.; Andrew Cinman; Melvin Davidson, Defendants.**

**Civ. A. No. 1:88–CV–73–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 22, 1988.

---

William R. Asbell, Jr., Lewis Ramon Lamb, Hishon & Ranney, Atlanta, Ga., for plaintiff.

Steve J. Davis, Alan Mitchell Wolper, Vaughan, Davis, Birch & Murphy, Atlanta, Ga., for defendants.

### ORDER

FORRESTER, District Judge.

This securities action is before the court on the defendants' motion to compel arbi-

tration and to stay court proceedings and on the defendants' motion for leave to file a supplemental brief in support of that motion. The latter motion is unopposed and is therefore GRANTED. Because the court is unwilling to anticipate the demise of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), as more fully discussed below, the defendants' motion to compel arbitration and to stay proceedings will be GRANTED IN PART and DENIED IN PART.

The plaintiff's complaint, originally filed in Fulton County Superior Court and removed to this court, states claims alleging breach of fiduciary duties, fraud, negligence, unjust enrichment, and violations of the Georgia Securities Act, Georgia RICO, the Securities Act of 1933, and Federal RICO. The defendants seek to compel arbitration of all of the plaintiff's claims. The plaintiff concedes that arbitration of his state law claims may be compelled but opposes compelled arbitration of his Federal RICO and 1933 Act claims.

### I. ARBITRABILITY OF FEDERAL RICO CLAIMS

In *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 2346, 96 L.Ed.2d 185 (1987), the Court held that Federal RICO claims are arbitrable under the terms of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* The plaintiff contends that, notwithstanding the Supreme Court's holding in *McMahon,* the arbitration clause in these parties' agreement incorporated the law existing at the time and is not altered by subsequent changes in the law.[1]

The plaintiff's argument cannot be accepted because it is completely inconsistent with the results reached in *McMahon* and subsequent cases. If the plaintiff is correct, the Supreme Court erred in requiring arbitration of the McMahons' Federal RICO claims, since the law in the Second

---

1. Prior to *McMahon,* the Eleventh Circuit had held that Federal RICO claims were not subject to arbitration. *See, e.g., Driscoll v. Smith Bar-* *ney, Harris, Upham & Company,* 815 F.2d 655 (11th Cir.1987).

Circuit prior to *McMahon* was that Federal RICO claims were not arbitrable. *Id.* at 2336. Likewise, the Eleventh Circuit erred in *Adrian v. Smith Barney, Harris, Upham and Company, Inc.*, 841 F.2d 1059 (11th Cir.1988), in giving *McMahon* retroactive application to the very Federal RICO claim held not arbitrable in *Driscoll.* Significantly, the court held in *Adrian* that an SEC regulation in force at the time the parties' arbitration agreement was signed but later rescinded could no longer be used as a defense to arbitration. *Id.* at 1061–62. *See also Noble v. Drexel, Burnham, Lambert, Inc.*, 823 F.2d 849 (5th Cir.1987) (giving *McMahon* retroactive application). Accordingly, the defendants' motion to compel arbitration and to stay proceedings with regard to the plaintiff's Federal RICO claims is GRANTED.

## II. ARBITRABILITY OF 1933 ACT CLAIMS

■ In 1953, the Supreme Court held in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168, that claims arising under section 12(2) of the Securities Act of 1933 (1933 Act) are not subject to compulsory arbitration. After *Wilko,* most federal courts, including the Eleventh Circuit, found "no principled ground for distinguishing between" 1933 Act claims and claims under the Securities Exchange Act of 1934 (1934 Act). *Wolfe v. E.F. Hutton and Company, Inc.*, 800 F.2d 1032, 1037 (11th Cir.1986). Just last term, however, the Supreme Court concluded in *McMahon* that *Wilko* does not preclude arbitration of 1934 Act claims.

The Supreme Court's treatment of *Wilko* in *McMahon* raises serious questions about the vitality of *Wilko's* holding against arbitration of 1933 Act claims. According to the Court, "*Wilko* must be read as barring waiver of a judicial forum only where arbitration is inadequate to protect the substantive rights at issue." 107 S.Ct. at 2339. The Court also noted that "the mistrust of arbitration that forms the basis for the *Wilko* opinion in 1953 is difficult to square with the assessment of arbitration that has prevailed since that time," *id.* at 2341, and that "[i]ndeed, most of the reasons given in *Wilko* have been rejected subsequently by the Court as a basis for holding claims to be non-arbitrable." *Id.* at 2340.

However, since the arbitrability of 1933 Act claims was not an issue in *McMahon,* the Court properly expressed no direct opinion on the continued vitality of *Wilko.* The Court did note that "*stare decisis* concerns may counsel against upsetting *Wilko's* contrary conclusion under the [1933 Act]." *Id.* at 2341.

In short, the central question on the defendants' motion to compel arbitration of the plaintiff's 1933 Act claims is whether *Wilko* is still good law. Since *McMahon,* federal courts have split on the issue. Some have concluded that "[a]lthough the Supreme Court in *McMahon* questioned the rationale underlying *Wilko,* the Court nevertheless did not overrule that decision, and it continues to govern us." *Chang v. Lin,* 824 F.2d 219, 222 (2d Cir.1987). *See also Osterneck v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 841 F.2d 508 (3d Cir.1988); *Terra Resources v. Burgin,* 674 F.Supp. 1072 (S.D.N.Y.1987); *Shultz v. Robinson–Humphrey/American Express, Inc.*, 666 F.Supp. 219 (M.D.Ga.1987); *Continental Service Life and Health Insurance Company v. A.G. Edwards and Sons, Inc.*, 664 F.Supp. 997 (M.D.La.1987).

Other courts have concluded that "*Wilko* is now untenable." *Kavouras v. Visual Products Systems, Inc.*, 680 F.Supp. 205, 207 (W.D.Penn.1988). *See also, Rodriguez de Quijas v. Shearson/Lehman Brothers, Inc.*, 845 F.2d 1296 (5th Cir.1988); *Aronson v. Dean Witter, Reynolds, Inc.*, 675 F.Supp. 1324 (S.D.Fla.1987); *Staiman v. Merrill Lynch, Pierce, Fenner & Smith,* 673 F.Supp. 1009 (C.D.Cal.1987). *See also Noble,* 823 F.2d at 850 n. 3 ("*McMahon* undercuts every aspect of [*Wilko*]; a formal overruling of *Wilko* appears inevitable —or, perhaps, superfluous").

■ District courts are not always required to adhere slavishly to Supreme

Court precedents that have not been explicitly overruled.

> Doctrinal developments need not take the form of an outright reversal of the earlier case. The Supreme Court may indicate its willingness to reverse or reconsider a prior opinion with such clarity that a lower court may properly refuse to follow what appears to be binding precedent. *Indianapolis Airport Authority v. American Airlines, Inc.,* 733 F.2d 1262 (7th Cir.1984).

*Hardwick v. Bowers,* 760 F.2d 1202, 1209 (11th Cir.1985). The *Indianapolis Airport* decision cited by the Eleventh Circuit in *Hardwick v. Bowers* noted that lower federal courts "may properly decline to follow a U.S. Supreme Court decision when convinced that the Court would overrule the decision if it had the opportunity to do so." 733 F.2d at 1272.

Though the defendants have tried mightily, this court is not convinced that the Supreme Court will overrule *Wilko* given the opportunity to do so. As Justice Stevens noted in a different context, any longstanding interpretation of a statute by the Supreme Court "creates a strong presumption ... that any mistake that the courts may have had in interpreting the statute is best remedied by the legislative, not the judicial, branch." *McMahon,* 107 S.Ct. at 2359 (dissenting opinion). It was precisely these *stare decisis* concerns that the majority in *McMahon* recognized "may counsel against upsetting *Wilko*'s ... conclusion" that 1933 Act claims are not arbitrable. *Id.* at 2341. *See also Schultz,* 666 F.Supp. at 220 (absent an explicit rejection of *Wilko* by the Supreme Court, "*stare decisis* requires this Court to find that plaintiff's Section 12(2) claims are not arbitrable"). *McMahon*'s reference to *stare decisis* and the Supreme Court's traditional reluctance to reverse longstanding interpretation of a statute, as opposed to the Constitution, make this court unwilling to conclude that the overruling of *Wilko* is a near certainty.

Accordingly, the defendants' motion to compel arbitration of the plaintiff's 1933 Act claims is DENIED. The motion to stay proceedings in this court on the 1933 Act claims pending arbitration of the plaintiff's other claims is also DENIED. *See Jaskevich v. Paine Webber, Inc.,* No C86–981A (N.D.Ga., November 20, 1986) [available on WESTLAW, 1986 WL 21354]; *Rosenfield v. Paine Webber, Jackson and Curtis, Inc.,* No. C86–415A (N.D.Ga., November 18, 1986) [available on WESTLAW, 1986 WL 21355]. *See also Chang,* 824 F.2d at 222 ("an agreement to arbitrate state claims and arbitrable federal claims usually should have no effect on the pursuit of overlapping nonarbitrable federal securities claims").

## III.   CONCLUSION

For the foregoing reasons, the defendants' motion to compel arbitration and to stay proceedings is GRANTED as to the plaintiff's state law claims and Federal RICO claims. Pursuant to 9 U.S.C. § 4, the plaintiff is DIRECTED to choose a forum of arbitration within fifteen (15) days of receipt of this order, and the parties are DIRECTED to proceed to arbitration in accordance with the terms of the agreement. The arbitration proceedings shall be held in this district. Pursuant to 9 U.S.C. § 3, the court hereby STAYS proceedings on those claims pending the outcome of that arbitration. The defendants' motion to compel arbitration and to stay proceedings is DENIED as to the plaintiff's 1933 Act claims and those claims will continue in this court. The defendants' motion for leave to file a supplemental brief is GRANTED.