**C. Conrad and Marjorie McNEER, Plaintiffs,**

v.

**THOMSON McKINNON SECURITIES, INC., and Jay Miringoff, Defendants.**

**Civ. A. No. 89–4065–S.**

United States District Court,
D. Kansas.

Jan. 31, 1990.

Robert E. Duncan, II, Topeka, Kan., for plaintiffs.

Gordon D. Gee, Rich, Granoff, Levy & Gee, Kansas City, Mo., James D. Waugh, Cosgrove, Webb & Oman, Topeka, Kan., and Susan J. Tannewald–Miringoff, Phoenix, Ariz., for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant Thomson McKinnon Securities, Inc. ("Thomson McKinnon") to dismiss plaintiffs' petition or, in the alternative, to stay all proceedings pending arbitration pursuant to an arbitration agreement between plaintiffs and defendant Thomson McKinnon. Because the court finds that Thomson McKinnon's motion is in the nature of a motion to compel arbitration, the court will consider the motion as if so filed.

On March 31, 1989, plaintiffs filed suit against Thomson McKinnon, a brokerage firm, and Jay Miringoff, who was employed by Thomson McKinnon, alleging conversion, fraud and violation of federal laws in connection with defendants' handling of plaintiffs' stock brokerage account. Thomson McKinnon contends that the present dispute is subject to arbitration, pursuant to arbitration clauses contained on the signature card on plaintiffs' account, signed and dated February 7, 1986, and on an agreement entitled "supplemental information and agreement for option trading," signed and dated on March 11, 1986. The arbitration clauses provide as follows:

> It is agreed that any dispute, claim or controversy between us and your firm which does not arise out of the federal securities laws shall be resolved by arbitration under the Constitution and Rules of the New York Stock Exchange, Inc. or under the Code of Arbitration Procedures of the National Association of Securities Dealers, Inc., at our election. Disputes, claims or controversies arising under the federal securities laws may, at our election, be resolved either by arbitration or through litigation in the courts.

Signature Card ¶ 6; Option Trading Agreement ¶ 8.

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, written agreements to submit a controversy to arbitration are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Once the district court finds that an arbitration agreement has been made and that a party has failed to comply with this agreement, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. When deciding whether to compel arbitration, the court usually begins by asking whether the parties agreed to arbitrate the dispute in question. *Villa Garcia v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 833 F.2d 545, 546 (5th Cir.1987).

In the present case, however, the court finds the arbitration clauses in question ambiguous regarding whether the par-

ties had an agreement to arbitrate their disputes. In particular, the court finds that the use of the pronoun "our" in the clause could be taken as referring either to the plaintiffs (in which case arbitration would be at plaintiffs' election), or as referring to both parties (which would require the agreement of both parties before arbitration would be required). Because the court cannot find an unambiguous agreement to arbitrate, the court will not issue an order compelling arbitration on the basis of the arbitration clause. Further, since the court does not find an agreement to arbitrate, the court will not order this proceeding stayed. *See* 9 U.S.C. § 3. Finally, because defendant Thomson McKinnon has alleged no other basis for dismissing this action than its argument that this suit is subject to arbitration, the court will also deny defendant's motion to dismiss on this ground.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant Thomson McKinnon Securities, Inc. to dismiss plaintiffs' petition or, in the alternative, to stay all proceedings pending arbitration is denied.

IT IS FURTHER ORDERED that defendant Thomson McKinnon's motion to compel arbitration is also denied.