### C. Conrad and Marjorie McNEER, Plaintiffs,

v.

### THOMSON McKINNON SECURITIES, INC., and Jay Miringoff, Defendants.

### Civ. A. No. 89–4065–S.

United States District Court, D. Kansas.

Feb. 13, 1990.

Robert E. Duncan, II, Topeka, Kan., for plaintiffs.

Gordon D. Gee and Charles A. Blackmar, Rich, Granoff, Levy & Gee, Kansas City, Mo., James D. Waugh, Cosgrove, Webb & Oman, Topeka, Kan., and Susan J. Tannewald–Miringoff, Phoenix, Ariz., for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant Thomson McKinnon Securities, Inc. for reconsideration of this court's Memorandum an Order of January 31, 1990 denying defendant's motion to compel arbitration in the above-captioned matter. 729 F.Supp. 1306.

Upon consideration of defendant's arguments, the court declines to reconsider its previous ruling; thus, the court will not

issue an order compelling arbitration for the reasons stated in its January 31, 1990 Memorandum and Order. The court acknowledges defendant's position that the arbitration clause contained in its customer agreements could be interpreted to mean that arbitration of all disputes is mandatory. Because of the placement of the modifying clause "at our election," the court finds, however, that the arbitration clause is susceptible to at least one other interpretation, i.e., that disputes shall be arbitrated at either the customer's election or the customer's and defendant's mutual election. The court also notes that ambiguities in contract language are to be construed against the drafter, in this case, defendant Thomson McKinnon. *See, e.g., Helitzer v. Helitzer,* 761 F.2d 582, 589 (10th Cir.1985). Because of the ambiguity in the drafting of the arbitration clause, the court cannot find that the parties agreed to arbitrate their disputes. In the absence of such an agreement, the court will not issue an order compelling arbitration.[1]

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant Thomson McKinnon Securities, Inc. for reconsideration of this court's January 31, 1990 Memorandum and Order is denied.

---

1. The court notes that the cases cited by defendant, including *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983) and *Eureka Fed. Sav. & Loan Ass'n v. George K. Baum & Co.,* No. 89–2157–S, 1989 WL 117324 (D.Kan., *unpublished,* Sept. 5, 1989), stand for the proposition that when the *scope* of an arbitration clause is ambiguous, any ambiguity regarding whether *a particular issue is arbitrable* should be resolved in favor of arbitration. These cases, however, presuppose the existence of a valid arbitration agreement, which the court finds lacking in the present case.